**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | |
| | : | |
| Debtors. | : | |

------------------------------------------------------------------- X

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC., LEHMAN | : | |
| BROTHERS SPECIAL FINANCING INC., LEHMAN | : | |
| BROTHERS COMMODITY SERVICES INC., LEHMAN | : | |
| BROTHERS COMMERCIAL CORP., and | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | |
| CREDITORS OF LEHMAN BROTHERS HOLDINGS | : | |
| INC., | : | |
|          Plaintiffs and Proposed | : | |
|          Plaintiff Intervenor, | : | |
| | : | |
|     -against- | : | |
| | : | Adversary Proceeding |
| | : | |
| JPMORGAN CHASE BANK, N.A., J.P. MORGAN | : | No.: 12- 01874 (SCC) |
| MARKETS LIMITED (F/K/A BEAR STEARNS | : | |
| INTERNATIONAL LIMITED), J.P. MORGAN | : | |
| SECURITIES LTD., J. P. MORGAN VENTURES | : | |
| ENERGY CORPORATION, JP MORGAN CHASE AND | : | |
| CO., JPMORGAN BANK DUBLIN (F/K/A BEAR | : | |
| STEARNS BANK PLC), BEAR STEARNS CREDIT | : | |
| PRODUCTS INC. and BEAR STEARNS FOREX INC., | : | |
| | : | |
| | : | |
|          Defendants. | : | |

------------------------------------------------------------------- X

## FIRST AMENDED SCHEDULING ORDER AND DISCOVERY PLAN

Plaintiffs Lehman Brothers Holdings Inc., Lehman Brothers Special Financing Inc., Lehman Brothers Commodity Services Inc., Lehman Brothers Commercial Corporation, and the Official Committee of Unsecured Creditors[1] (the "Committee"; collectively with the Lehman entities, "Plaintiffs"), having filed a first amended complaint and objection to claims against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited (f/k/a Bear Stearns International Limited), J.P. Morgan Securities Ltd., J. P. Morgan Ventures Energy Corporation, JPMorgan Chase & Co., J.P. Morgan Bank Dublin (f/k/a Bear Stearns Bank Plc), Bear Stearns Forex Inc., and Bear Stearns Credit Products Inc. (collectively "JPMorgan"; together with Plaintiffs, the "Parties") on November 16, 2012 (the "First Amended Complaint"), and the Parties having reached agreement on the terms of this First Amended Scheduling Order and Discovery Plan and intend it to supersede the corresponding sections of the prior Scheduling Order, the Court hereby adopts the following scheduling and discovery plan, superseding the corresponding sections of the prior Scheduling Order.

1.      **Discovery Schedule:**

a.      **Fact Discovery:**

i.      The Parties may serve document requests with respect to the First Amended Complaint through March 12, 2014.

ii.      Document discovery shall be substantially completed on or before May 14, 2014, with documents produced on a rolling basis.

---

[1]      JPMorgan reserves all rights and objections with respect to the status, rights or continuing existence of the Committee.

2

       iii.     Privilege logs shall be served within 30 days of the production from which the logged documents have been excluded, and the logging of privileged documents shall be substantially completed on or before June 11, 2014.

       iv.     All fact discovery, including depositions, shall be completed on or before September 10, 2014.

       v.     Discovery from third parties shall be completed on the same schedule as party discovery.

     b.    **Expert Discovery:**

       i.     The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 7026) no later than November 24, 2014.

       ii.     Any Party's expert report intended to rebut any other expert report shall be served no later than December 24, 2014.

       iii.     All expert depositions shall be completed on or before January 21, 2015.

     c.    **Dispositive Motions:**

       i.     Any dispositive motions shall be filed and served on or before February 16, 2015.

       ii.     Opposition to any dispositive motions shall be filed on or before March 30, 2015.

       iii.     Reply briefs in further support of any dispositive motions shall be filed on or before April 20, 2015.

     d.    **Modification of Schedule:**

     i.    The fact and expert discovery schedule (including with respect to Requests for Admission) may be modified without leave of Court by agreement of the Parties.

     ii.    The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

     2.    **Discovery:**

     a.    **Discovery Pursuant to the Rules:**  All discovery in the above-captioned action shall proceed in accordance with applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Local Rules, except as otherwise ordered by the Court or as specified herein.

     b.    **Initial Disclosures:**  No Party is required to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

     c.    **Depositions Without Leave:**  The limit of 10 depositions per side without leave of Court imposed by Federal Rule of Civil Procedure 30(a)(2)(A)(i) shall not apply to these proceedings.

     d.    **Requests for Admission:**  Requests for admissions shall be served on or before May 30, 2014.  No response to any request for admission shall be required of any party until June 27, 2014, by which time responses to all requests for admission must be served.

     e.    **Document Production and E-Discovery:**

     i.    **Custodians and Search Terms:**

     (1)    **Search Filters.**  The Parties shall meet and confer and agree on search filters to be employed in searching for and collecting responsive documents before any such search filters are used.  Each party shall disclose the custodians whose files it

has searched for responsive documents.  The Parties shall meet and confer and make their best

efforts to agree on search terms and custodians whose files shall be searched.

(2)    **Electronic Searches.**  Each Party shall search the email

files and other electronic documents of each of its designated custodians for all emails and other

electronic documents satisfying the designated search filters.  With regard to electronic

documents other than emails, each Party shall search for responsive documents in (i) the files of

the designated custodians that are reasonably accessible by the Party and (ii) the general shared

files of departments, divisions or business units in which any designated custodian is a member

that are reasonably believed to hold potentially responsive documents and are reasonably

accessible by the Party, and which shall be identified by the Party.

(3)    **Supplementation of Search Filters.**  If a Party is or

becomes aware that it has potentially responsive documents in its possession, custody, or control

which would not otherwise be produced and which (i) employ terms (such as synonyms,

misspellings, idioms, code words or non-English terms) equivalent in meaning to keywords

employed in the search filter, and (ii) would satisfy the filter if such equivalent terms were

included in the search filter, it must promptly disclose that fact and meet and confer with

opposing counsel to discuss appropriate means to identify, review, and produce such responsive

documents.

ii.    **Form of Production:**

(1)    **Emails.**  Emails shall be produced as single-page or multi-

page TIFF images with accompanying full text and load file (DAT).  Metadata fields included

with the load file should be provided in accordance with *Appendix A*.  Email attachments shall be

handled according to the provisions below applicable to loose electronic documents and shall not

be separated from the emails to which they are attached.  Native files for emails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

(2)     **Electronic Documents.**  Word and other electronic documents shall be produced as single-page or multi-page TIFF images with accompanying full text and load file (DAT).  Metadata fields included with the load file should be provided in accordance with *Appendix A*.  For Excel or other spreadsheet files, the native file shall be produced.  Native files for all other electronic documents shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

(3)     **Hard copy documents.**  Hard copy documents shall be produced as single-page or multi-page TIFF images with accompanying full OCR text and load file (DAT).  Metadata fields included with the load file should be provided in accordance with *Appendix A.*

(4)     **TIFF Images Generally.**  Any TIFF images produced by the Parties shall consist of (a) single-page or multi-page, black and white, 300dpi group IV TIFF images with extension ".tif' and (b) text files, named after the bates number of the document, with extension ".txt".  TIFF images may not be compressed using JPEG compression.  Metadata shall be provided in a delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for column break and text qualifier.  The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each document.

(5)     **Shipment of electronic data.**  Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH, or physically transported using electronic storage media such as flash memory devices, CDs, DVDs

or hard drives.  The physical media label should contain the case name and number, production

date, and bates range being produced.  Each transmission of data should include a collection

"manifest" report which provides a list of files collected, their location, and their MD5 hash

values.

       f.    **Inadvertently-Produced Material:**  In accordance with Federal Rule of

Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(b) and 502(d), any inadvertent

disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or

immunity with respect to such information or document(s) or of any work product doctrine or

other immunity that may attach thereto, including without limitation the attorney-client privilege,

the joint defense privilege, and the work product doctrine, provided that the producing party

notifies the receiving party in writing promptly after discovery of such inadvertent production.

All copies of such document(s) shall be returned to the producing party or destroyed within five

days of such notice.  Also within five days of such notice, the producing party shall serve a

privilege log for the document(s).  The producing party shall maintain the referenced

document(s) until the parties resolve any dispute concerning the privileged nature of the

document(s) or the Court rules on any motion to compel the document(s).  No Party shall use or

refer to any information contained within the document(s) at issue unless and until the producing

Party agrees or a motion to compel is granted by the Court.

       g.    **Confidentiality:**  Each document produced shall include a confidentiality

label designating it consistent with the terms of the Confidentiality Stipulation agreed among the

parties on September 26, 2013 and so ordered by the Court.

       h.    **Cost of Production:**  The parties shall bear the costs associated with their

own productions.

DATED: December 18, 2013          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By _/s/ Diane Hutnyan_____
                                      Daniel Cunningham
                                      Andrew Rossman
                                      Diane Hutnyan
                                      James Tecce
                                      Benjamin Odell
                                      *Counsel for the Official Committee of Unsecured
                                      Creditors of Lehman Brothers Holdings Inc.*


DATED: December 18, 2013          CURTIS, MALLET-PREVOST, COLT & MOSLE
                                  LLP


                                  By _/s/ Peter J. Behmke_____  _____
                                      Joseph D. Pizzurro
                                      L.P. Harrison 3rd
                                      Michael J. Moscato
                                      Andrew H. Seiden
                                      Nancy E. Delaney
                                      Peter J. Behmke
                                      Cindi Eilbott Giglio
                                      *Counsel for the Debtors and Debtors in
                                      Possession*


DATED: December 18, 2013          WACHTELL, LIPTON, ROSEN & KATZ


                                  By _/s/ Ian Boczko_____
                                      Harold S. Novikoff
                                      Douglas K. Mayer
                                      Ian Boczko
                                      Vincent G. Levy
                                      Molly K. Grovak
                                      Luke M. Appling
                                      *Counsel for JPMorgan*

8

**IT IS SO-ORDERED:**

Dated: February 25, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## APPENDIX A

| Field | Description |
| --- | --- |
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |