**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | |
| | : | |
| Debtors. | : | |

------------------------------------------------------------------------ X

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS SPECIAL FINANCING INC., LEHMAN BROTHERS COMMODITY SERVICES INC., LEHMAN BROTHERS COMMERCIAL CORP., and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., | : : : : : : : : | |
| Plaintiffs and Proposed Plaintiff Intervenor, | : : : | |
| -against- | : : | |
| | : | Adversary Proceeding |
| | : | |
| JPMORGAN CHASE BANK, N.A., J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED), J.P. MORGAN SECURITIES LTD., J. P. MORGAN VENTURES ENERGY CORPORATION, JP MORGAN CHASE AND CO., JPMORGAN BANK DUBLIN (F/K/A BEAR STEARNS BANK PLC), BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC., | : : : : : : : : : : | No.: 12- 01874 (SCC) |
| Defendants. | : | |

------------------------------------------------------------------------ X

**SECOND AMENDED SCHEDULING ORDER AND DISCOVERY PLAN**

Plaintiffs Lehman Brothers Holdings Inc., Lehman Brothers Special Financing Inc., Lehman Brothers Commodity Services Inc., Lehman Brothers Commercial Corporation, and the Official Committee of Unsecured Creditors[1] (the "Committee"; collectively with the Lehman entities, "Plaintiffs"), having filed a First Amended Complaint and Objection to Claims against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited (f/k/a Bear Stearns International Limited), J.P. Morgan Securities Ltd., J. P. Morgan Ventures Energy Corporation, JPMorgan Chase & Co., J.P. Morgan Bank Dublin (f/k/a Bear Stearns Bank Plc), Bear Stearns Forex Inc., and Bear Stearns Credit Products Inc. (collectively "JPMorgan"; together with Plaintiffs, the "Parties") on November 16, 2012 (the "First Amended Complaint"), and the Parties having reached agreement on the terms of this Second Amended Scheduling Order and Discovery Plan and intend it to supersede the corresponding sections of the prior Scheduling Order, the Court hereby adopts the following scheduling and discovery plan, superseding the corresponding sections of the prior Scheduling Order.

1. **Discovery Schedule:**

    a. **Fact Discovery:**

    i. The deadline for service of document requests with respect to the First Amended Complaint has been suspended by agreement of the Parties, with the understanding that it will be set by separate subsequent agreement for a date prior to the deadline for substantial completion of document discovery.

    ii. Document discovery shall be substantially completed on or before July 9, 2014, with documents produced on a rolling basis.

---

[1] JPMorgan reserves all rights and objections with respect to the status, rights or continuing existence of the Committee.

    iii. Privilege logs shall be served within 30 days of the production from which the logged documents have been excluded, and the logging of privileged documents shall be substantially completed on or before August 6, 2014.

    iv. All fact discovery, including depositions, shall be completed on or before November 5, 2014.

    v. Discovery from third parties shall be completed on the same schedule as party discovery.

  b. **Expert Discovery:**

    i. The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 7026) no later than January 20, 2015.

    ii. Any Party's expert report intended to rebut any other expert report shall be served no later than February 18, 2015.

    iii. All expert depositions shall be completed on or before March 18, 2015.

  c. **Dispositive Motions:**

    i. Any dispositive motions shall be filed and served on or before April 13, 2015.

    ii. Opposition to any dispositive motions shall be filed on or before May 26, 2015.

    iii. Reply briefs in further support of any dispositive motions shall be filed on or before June 15, 2015.

    d.    **Modification of Schedule:**

    i.    The fact and expert discovery schedule (including with respect to Requests for Admission) may be modified without leave of Court by agreement of the Parties.

    ii.    The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

2.    **Discovery:**

    a.    **Discovery Pursuant to the Rules:** All discovery in the above-captioned action shall proceed in accordance with applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Local Rules, except as otherwise ordered by the Court or as specified herein.

    b.    **Initial Disclosures:** No Party is required to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

    c.    **Depositions Without Leave:** The limit of 10 depositions per side without leave of Court imposed by Federal Rule of Civil Procedure 30(a)(2)(A)(i) shall not apply to these proceedings.

    d.    **Requests for Admission:** Requests for admissions shall be served on or before October 8, 2014. No response to any request for admission shall be required of any party until November 5, 2014, by which time responses to all requests for admission must be served.

    e.    **Document Production and E-Discovery:**

    i.    **Custodians and Search Terms:**

    (1)    **Search Filters.** The Parties shall meet and confer and agree on search filters to be employed in searching for and collecting responsive documents before any such search filters are used. Each party shall disclose the custodians whose files it

4

has searched for responsive documents. The Parties shall meet and confer and make their best efforts to agree on search terms and custodians whose files shall be searched.

(2) **Electronic Searches.** Each Party shall search the email files and other electronic documents of each of its designated custodians for all emails and other electronic documents satisfying the designated search filters. With regard to electronic documents other than emails, each Party shall search for responsive documents in (i) the files of the designated custodians that are reasonably accessible by the Party and (ii) the general shared files of departments, divisions or business units in which any designated custodian is a member that are reasonably believed to hold potentially responsive documents and are reasonably accessible by the Party, and which shall be identified by the Party.

(3) **Supplementation of Search Filters.** If a Party is or becomes aware that it has potentially responsive documents in its possession, custody, or control which would not otherwise be produced and which (i) employ terms (such as synonyms, misspellings, idioms, code words or non-English terms) equivalent in meaning to keywords employed in the search filter, and (ii) would satisfy the filter if such equivalent terms were included in the search filter, it must promptly disclose that fact and meet and confer with opposing counsel to discuss appropriate means to identify, review, and produce such responsive documents.

ii. **Form of Production:**

(1) **Emails.** Emails shall be produced as single-page or multi-page TIFF images with accompanying full text and load file (DAT). Metadata fields included with the load file should be provided in accordance with *Appendix A*. Email attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not

5

be separated from the emails to which they are attached. Native files for emails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

(2) **Electronic Documents.** Word and other electronic documents shall be produced as single-page or multi-page TIFF images with accompanying full text and load file (DAT). Metadata fields included with the load file should be provided in accordance with *Appendix A*. For Excel or other spreadsheet files, the native file shall be produced. Native files for all other electronic documents shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

(3) **Hard copy documents.** Hard copy documents shall be produced as single-page or multi-page TIFF images with accompanying full OCR text and load file (DAT). Metadata fields included with the load file should be provided in accordance with *Appendix A*.

(4) **TIFF Images Generally.** Any TIFF images produced by the Parties shall consist of (a) single-page or multi-page, black and white, 300dpi group IV TIFF images with extension ".tif" and (b) text files, named after the bates number of the document, with extension ".txt". TIFF images may not be compressed using JPEG compression. Metadata shall be provided in a delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for column break and text qualifier. The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each document.

(5) **Shipment of electronic data.** Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH, or physically transported using electronic storage media such as flash memory devices, CDs, DVDs

or hard drives. The physical media label should contain the case name and number, production date, and bates range being produced. Each transmission of data should include a collection "manifest" report which provides a list of files collected, their location, and their MD5 hash values.

    f. **Inadvertently-Produced Material:** In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(b) and 502(d), any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the producing party or destroyed within five days of such notice. Also within five days of such notice, the producing party shall serve a privilege log for the document(s). The producing party shall maintain the referenced document(s) until the parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the producing Party agrees or a motion to compel is granted by the Court.

    g. **Confidentiality:** Each document produced shall include a confidentiality label designating it consistent with the terms of the Confidentiality Stipulation agreed among the parties on September 26, 2013 and so ordered by the Court.

    h. **Cost of Production:** The parties shall bear the costs associated with their own productions.

| | |
|---|---|
| DATED: March 13, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Diane Hutnyan*<br>Daniel Cunningham<br>Andrew Rossman<br>Diane Hutnyan<br>James Tecce<br>Benjamin Odell<br>*Counsel for the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.* |
| DATED: March 13, 2014 | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
| | By */s/ Peter J. Behmke*<br>Joseph D. Pizzurro<br>L.P. Harrison 3rd<br>Michael J. Moscato<br>Andrew H. Seiden<br>Nancy E. Delaney<br>Peter J. Behmke<br>Cindi Eilbott Giglio<br>*Counsel for the Debtors and Debtors in Possession* |
| DATED: March 13, 2014 | WACHTELL, LIPTON, ROSEN & KATZ |
| | By */s/ Ian Boczko*<br>Harold S. Novikoff<br>Douglas K. Mayer<br>Ian Boczko<br>Vincent G. Levy<br>Molly K. Grovak<br>Luke M. Appling<br>*Counsel for JPMorgan* |

**IT IS SO-ORDERED:**
April 3, 2014
New York, New York


*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

# APPENDIX A

| Field | Description |
| --- | --- |
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |